IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.:   18-cr-00193-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVID HENRY NYQUIST,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Kurt J. Bohn, Assistant United States Attorney for the District of Colorado, and Defendant, DAVID HENRY NYQUIST, personally and by counsel, Barrett Weisz submit the following Plea Agreement, pursuant to D.C. Colo. LCrR 11.1.

### I. PLEA AGREEMENT

The Defendant agrees to plead guilty to Count One of the Indictment which charges him with possession of firearms by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1); Count Two of the Indictment which charges him with possession of ammunition by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1); and Count Three of the Indictment which charges him with possession of firearms not registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5841,

1

Court's Exhibit

1

5861(d), and 5871.

The government agrees that a three-point reduction in the offense level for acceptance of responsibility is appropriate pursuant to United States Sentencing Commission, Guidelines Manual, § 3E1.1(a)(Nov. 2016).

Pursuant to Fed.R.Crim.P.11(c)(1)(B), the parties agree to recommend that the Defendant be confined for a period of 54 months.

The parties believe that the Defendant is in primary federal custody and jointly ask the Court to make such a finding.

The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria:  (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the offense level is greater than 23 and imposes a sentence based upon that offense level determination.  Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742.  The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to

a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

## Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, section 924(d), whether in the possession or control of the United States or in the possession or control of the defendant. The assets to be forfeited specifically include, but are not limited to:

a) Professional Ordinance, Model Carbon 15, 5.56 caliber semi-automatic pistol, serial number B22554;

b) Glock, Model 19, 9 mm caliber semi-automatic pistol, serial number HR956;

c) Sig-Sauer, Model P220, .45 caliber semi-automatic pistol, serial number G219020;

d) Ruger, Model Mark II Target, .22 caliber semi-automatic pistol, serial number 21633931;

e) Columbia River Precision, Model COL-37MM, 37mm flare gun with no serial number;

f) Columbia River Precision, Model COL-37MM, 37mm flare gun with no serial number;

g) Unknown Manufacturer, Unknown caliber, silencer with no serial number;

h) Unknown Manufacturer, Unknown caliber, silencer with no serial number;

i) Unknown Manufacturer, Unknown caliber, silencer with no serial number;

j) any and all ammunition associated with these firearms and recovered in this matter.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis to establish that the requisite nexus exists between the specific property subject to forfeiture and the offense to which defendant is pleading guilty. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the Court find that the government has established the requisite nexus and enter a preliminary order of forfeiture.

In addition to forfeiture, the defendant further agrees to relinquish all claim, title and interest he has in the firearm and ammunition seized from the defendant to the United

States.

## II. <u>ELEMENTS</u>

The Defendant understands that in order to prove his guilt, the government would have to prove beyond a reasonable doubt the following elements of the offenses. Defendant understands by his guilty plea, he is admitting that he committed the following acts:

### Counts One and Two: 18 U.S.C. § 922(g)(1)

First: the Defendant knowingly possessed a firearm or ammunition.

Second: the Defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition; and

Third: before the Defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

### Count Three: 26 U.S.C. § 5861(d) Possession of an Unregistered Firearm

First: Defendant knowingly possessed a firearm, as that term has been defined in this instruction;

5

Second: the Defendant knew of the specific characteristics or features of the firearm, that it was a firearm silencer that caused it to be registrable under the National Firearms Registration and Transfer Record;

Third: the firearm was in operating condition; and

Fourth: the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

### III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of Count One is not more than 10 years imprisonment, not more than a $250,000.00 fine, or both; not more than 3 years supervised release; and a $100.00 special assessment fee.

The maximum statutory penalty for a violation of Count Two is not more than 10 years imprisonment, not more than a $250,000.00 fine, or both; not more than 3 years supervised release; and a $100.00 special assessment fee.

The maximum statutory penalty for a violation of Count Three is not more than 10 years imprisonment, not more than a $10,000.00 fine, or both; not more than 3 years supervised release; and a $100.00 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction. Pertinent facts are set out below in order to provide a factual basis for the plea and to provide facts which the parties believe are relevant, pursuant to § 1B1.3, for computing the appropriate guideline range. To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identifies which facts are known to be in dispute at the time of the plea. (§ 6B1.4(b))

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the advisory guideline computation (§ 1B1.3) or to sentencing in general (§ 1B1.4). Nor is the Court or Probation precluded from the consideration of such facts. In "determining the factual basis for the sentence, the Court will consider the stipulation [of the parties], together with the results of the presentence investigation, and any other relevant information." (§ 6B1.4 Comm.)

The parties agree that the government's evidence would show that the date on which the conduct relevant to the offense (§ 1B1.3) began is December 29, 2017.

The parties agree that the government's evidence would be:

On December 29, 2017, the Defendant left his residence and was followed by law enforcement. Law enforcement effected a high risk stop. A brief stand-off ensued. During the standoff the Defendant contacted dispatch, indicated that he had firearms in his possession, and made threats to use them. Law enforcement personnel observed the Defendant reaching around inside the vehicle on several occasions to include behind the driver's seat. Ultimately, the Defendant surrendered.

Law enforcement officers conducted a search of the vehicle and recovered four firearms, three silencers, and over 1,000 rounds of ammunition. Specifically, they recovered:

a) Professional Ordinance, Model Carbon 15, 5.56 caliber semi-automatic pistol, serial number B22554;

b) Glock, Model 19, 9 mm caliber semi-automatic pistol, serial number HR956;

c) Sig-Sauer, Model P220, .45 caliber semi-automatic pistol, serial number G219020;

d) Ruger, Model Mark II Target, .22 caliber semi-automatic pistol, serial number 21633931;

e) Columbia River Precision, Model COL-37MM, 37mm flare gun with no serial number;

f)   Columbia River Precision, Model COL-37MM, 37mm flare gun with no serial number;

g)   Unknown Manufacturer, Unknown caliber, silencer with no serial number;

h)   Unknown Manufacturer, Unknown caliber, silencer with no serial number;

i)   Unknown Manufacturer, Unknown caliber, silencer with no serial number;

j)   and over one thousand (1,000) rounds of ammunition associated with these firearms.

The Defendant possessed three silencers, one was affixed to the Ruger, one was in the bag with the Smith and Wesson, and the one for the Glock was in a separate bag. Only the Professional Ordinance, Model Carbon 15, 5.56 caliber semi-automatic pistol, did not have a silencer for it. None of the three silencers were registered to the Defendant in the National Firearms Registration and Transfer Registration.

Prior to December 29, 2017, Mr. Nyquist had been convicted of a felony, and was thus prohibited from possessing firearms or ammunition.

The Defendant admits that he purchased the firearms and ammunition on different days and times. At the time of the Defendant's arrest the firearms and the majority of the ammunition (other than the ammunition in the firearms themselves) were stored in the vehicle in separate areas of the car. The Defendant does not

dispute that the differences between the time and place of his purchase and storage of the firearms, silencers, and ammunition create a separate basis of liability for Counts One and Two.

The Defendant admits that he possessed the firearms and ammunition referenced above. The Defendant admits the firearms and ammunition were manufactured outside the State and District of Colorado, and consequently, had traveled in interstate commerce before he possessed them. The firearms were test fired and functioned as designed, so that they were capable of expelling a projectile by the use of an explosive force.

## VI. <u>SENTENCING COMPUTATION</u>

The parties stipulate that sentencing in this case will be determined by application of the factors listed in 18 U.S.C. § 3553(a), including the advisory sentencing guidelines issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(1). *See* 18 U.S.C. § 3553(a)(4). The parties acknowledge that, pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005) and related cases, these guidelines are advisory in nature and one of the factors that the Court must consider in imposing sentence.

The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties. (§ 6B1.4(d)) The Court is free, pursuant to §§ 6A1.3 and 6B1.4, to reach its own findings of facts and sentencing factors considering the parties' stipulations, the presentence investigation, and any other relevant information. (§ 6B1.4

Comm.; § 1B1.4)

To the extent the parties disagree about the sentencing factors, the computations below identify the factors which are in dispute. (§ 6B1.4(b)).

The 2016 Edition of the Sentencing Guidelines is applicable to this case.

A. The base guideline is § 2K2.1(a)(4)(B), with a base offense level of 20.

B. There is two level increase for a specific offense characteristic for the number of firearms. § 2K2.1(b)(1(B). There is a four level increase for a specific offense characteristic for possession of the firearms in connection with another felony offense. § 2K2.1(b)(6)B). The Defendant disputes the application of this enhancement.

C. There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments which apply.

D. The adjusted offense level would therefore be 26. The Defendant believes the adjusted offense level is 22.

E. The defendant should receive a 3-level adjustment for acceptance of responsibility. The resulting offense level would therefore be 23. The Defendant believes the resulting offense level is 19.

F. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated that the defendant's criminal history category would be III.

G. The career offender/criminal livelihood/armed career criminal adjustments would not apply.

H. The advisory guideline range resulting from these calculations is 57 to 71 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 46 months (bottom of Category I) to 115 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

The Defendant believes the advisory range of confinement would be 37 to 46 months.

I. Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $20,000.00 to $200,000.00, plus applicable interest and penalties. The Defendant believes the fine range would be $10,000.00 to $100,000.00.

J. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not less than three years.

K. There is no restitution in this case.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

## VII. **WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE**

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 10 July 2018

DAVID HENRY NYQUIST
Defendant

Date: 7/10/18

BARRETT WEISZ
Attorney for Defendant

Date: 10 July 18

KURT J. BOHN
Assistant U.S. Attorney